# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JAMES M. CARR,

                        :

        Petitioner,                   Case No. 1:06-cv-867

                        :        District Judge S. Arthur Spiegel
    -vs-                        Chief Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

                        :

        Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (Doc. No. 20) to the

Magistrate Judge's Report and Recommendations (Doc. No. 19) recommending that the Petition be

dismissed with prejudice. The General Order of Reference for the Dayton location of court permits

a magistrate judge to reconsider decisions or reports and recommendations when objections are

filed.

Petitioner pleads the following grounds for relief:

> **Ground One:** Petitioner's right to due process of law was violated
> by the withholding of exculpatory evidence by the state.
>
> **Supporting Facts:** Prior to trial, the prosecution obtained a tape
> recorded interview with the sole inculpatory witness which contained
> substantial impeaching information to undermine his perjured trial
> testimony. The evidence was material, exculpatory as impeaching,
> and was withheld by the prosecution. The new trial motion in which
> is [sic] was properly introduced was erroneously denied. Petitioner
> is actually innocent.

-1-

**Ground Two:** Petitioner was deprived of the effective assistance of counsel on appeal, violating the 6th and 14th Amendments.

**Supporting Facts:** Appointed appellate counsel neglected to raise significant and obvious issues of constitutional magnitude, including erroneous and prejudicial jury instructions, prosecutorial misconduct throughout the trial, and ineffective assistance of trial counsel for failing to raise proper objections which prejudiced the trial; all of which prejudiced the results of the appeal, as well as failing to notify Petitioner of the decision of the court of appeals, further prejudicing the appeals process.

**Ground Three:** Petitioner was deprived of the Sixth Amendment right to trial by a fair and impartial jury.

**Supporting Facts:** The trial court erroneously instructed the jury on a "flight" instruction where there was no evidence in the record to warrant the inclusion of the instruction and over vehement objection, creating an impermissible shifting of the burden of proof by permitting an impermissible presumption.

**Ground Four:** Petitioner was denied due process of law by the misconduct of the prosecutor.

**Supporting Facts:** The prosecutor repeatedly elicited improper "other acts" evidence, which was specifically precluded in a pre-trial motion in limine; elicited unconstitutional testimony regarding the post-arrest silence of Petitioner, and misstated the law and facts while improperly denigrating the defense during closing arguments, so infecting the entire trial with unfairness as to deny due process of law.

**Ground Five:** Petitioner was denied effective counsel at trial in violation of the 6th and 14th Amendments.

**Supporting Facts:** Trial counsel failed to raise proper objections at trial, including to the repeated vioaltion [sic] of the trial court's order in the pretrial motion in limine, prohibiting the introduction of "other acts" evidence; failed to object to the elicitation of testimony regarding Petitioner's post arrest silence, and failed to make the adversarial testing process work at trial, which prejudiced the results of the proceedings against the Petitioner.

(Petition, Doc. No. 1, at 6-10, 16.)

**Grounds One and Two: First Objection**

In Ground One, Petitioner asserts he was deprived of his constitutional right to a fair trial by the withholding of impeaching evidence, an audiotape which would have undermined the credibility of a key state's witness.  In Ground Two, Petitioner claims he was denied effective assistance of appellate counsel when that attorney neglected to raise as error erroneous and prejudicial jury instructions, prosecutorial misconduct throughout the trial, ineffective assistance of trial counsel for failing to raise proper objections which prejudiced the trial, and failure to notify him of the results of the appeal. Respondent asserts that these claims were procedurally defaulted because Petitioner did not file his Notice  of Appeal to the Ohio Supreme Court until May 4, 2006, 451 days after the Court of Appeals' decision was filed February 7, 2005, or his Application for Delayed Reopening in the Court of Appeals until the same time.

The Report and Recommendations concluded Petitioner had a good excuse for the delay from February 7, 2005, until January, 2006, when his attorney admitted her error in not telling him his case had been decided in the Court of Appeals and sent him the briefs on appeal and the decision of the Court of Appeals.

The question, then, is how Petitioner excuses the further delay from January, 2006, to May 4, 2006, in filing the Notice of Appeal.  He states he had to wait until he had filed a grievance against his lawyer and received a ruling on that grievance from the Ohio Supreme Court Disciplinary Counsel.  In fact, he did not receive and "ruling," but a letter from Disciplinary Counsel closing the

case but agreeing that appellate counsel had been neglectful in not sending it to him. The Report and Recommendations concluded that, while the letter might be useful evidence, it was not an adequate excuse because the letter was not necessary to prove the attorney had delayed – he already had her written admission of that fact in her January, 2006, letter.

In his Objections, Petitioner reiterates that the letter was necessary to his request to file late in the Ohio Supreme Court (Doc. No. 20 at 2). He offers no case authority for that proposition. The Ohio courts have never held that an appellant cannot prove attorney error as an excuse for delay without first obtaining an opinion from Ohio Disciplinary Counsel.

Petitioner also asserts that the Report ignores his need for the trial transcript before he could prepare assignments of error in support of his Application for Reopening in the Court of Appeals and that he did not receive the trial transcript "until after March 26, 2006." *Id*. He provides no record proof of when he received his trial transcript, but as shown by the Response to Objections, no transcript is necessary to file for delayed appeal in the Ohio Supreme Court.

Mr. Carr asserts the Magistrate Judge overlooked "clearly established Supreme Court case law" in upholding the Ohio courts' procedural default analysis, citing *Entsminger v. Iowa,* 386 U.S. 748 (1967); *Douglas v. California*, 372 U.S. 353 (1963); and *Griffin v. Illinois*, 351 U.S. 12 (1956). Those cases do not hold that an indigent appellant must be furnished anew with a trial transcript at every stage of the appellate proceedings. Mr. Carr was furnished with a complete trial transcript for his direct appeal and the State was under no obligation to furnish a second transcript. Nor does the State of Ohio require transcript references for the filing of either a motion for delayed appeal in the Ohio Supreme Court or a motion for delayed reopening of direct appeal in the Court of Appeals.

**Grounds Three, Four, and Five: Second Objection**

The Report and Recommendations concluded these Grounds for Relief were procedurally defaulted because they were presented for the first time in Petitioner's Application for Delayed Reopening.

Petitioner objects that the Magistrate Judge should not have followed the *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001), argument of Respondent or the "erroneous extension" of *Lott* in *Roberts v. Carter,* 337 F.3d 609 (6th Cir. 2003).  Whether or not *Lott* was correctly decided or properly "extended" in *Roberts* are questions for the Sixth Circuit; this Court is bound to apply precedent, rather than disagreeing with it.

Conclusion

Petitioner's Objections are without merit.  It is therefore again respectfully recommended that the Petition be dismissed with prejudice.

May 13, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections

shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).