UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES M. CARR, | : | NO. 1:06-CV-867 |
| Petitioner, | : | |
| v. | : | **OPINION AND ORDER** |
| WARDEN, Lebanon Correctional Institution, | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 19), Petitioner's Objections (doc. 20), Respondent's Response to Petitioner's Objections (doc. 21), the Supplemental Report and Recommendation (doc. 22) and Petitioner's Objections (doc. 23). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I. Background**

The Clermont County Ohio Grand Jury indicted Petitioner, who was later convicted at jury trial on one count of manufacturing methamphetamine (doc. 8). Petitioner filed a timely appeal to the Clermont County Court of Appeals premised on the denial of a new trial in light of alleged exculpatory evidence discovered post-trial (Id.). The Court of Appeals rejected Petitioner's assignment of error, affirming his conviction on February 7, 2005 (Id.).

Petitioner sought leave to appeal to the Ohio Supreme Court, which declined to consider the appeal (Id.). Petitioner filed an application to reopen his direct appeal, premised on alleged ineffective assistance of counsel (Id.). The Ohio Supreme Court denied such application as untimely under Ohio App. R. 26 on July 13, 2006 (Id.).

Petitioner filed his habeas petition on December 19, 2006, alleging five grounds for relief: (1) his right to due process of law was violated by the state's withholding of exculpatory evidence; (2) ineffective assistance of appellate counsel; (3) the deprivation of his constitutional right to a fair trial by the trial court's "flight" jury instruction (Id.); (4) prosecutorial misconduct due to the prosecutor's improper introduction of "other acts" evidence that was excluded pursuant to a motion in limine as well as the use of unconstitutional testimony regarding Petitioner's post-arrest silence (Id.); and (5) ineffective assistance of trial counsel for failing to raise objections to the prosecutor's alleged misconduct (doc. 1). The Magistrate Judge reviewed Petitioner's Writ and Respondent's Return of Writ on April 23, 2008, concluding that all grounds in the Petition were procedurally defaulted in state courts, and that Petitioner showed no excusing cause (doc. 19).

In his Objection, Petitioner argued that he had excusing cause for delay because he was awaiting a "decision document" from

2

the Ohio Supreme Court Disciplinary Counsel, and also because of delay in obtaining his trial transcript (doc. 20). Petitioner further argued that he fairly presented grounds three through five to the state court and thus the Magistrate Judge erred in finding procedural default of such grounds (Id.). In his Supplemental Report and Recommendation, the Magistrate Judge opined that the letter from the Ohio Supreme Court was not necessary for Petitioner to prove attorney error, as Petitioner already had a written admission of such fact (doc. 22). The Magistrate Judge further found that no transcript is necessary to file for delayed appeal in the Ohio Supreme Court (Id.). Finally as to grounds three through five, the Magistrate Judge found he was bound by Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001), such that grounds three through five were procedurally defaulted (Id.). For all of these reasons, the Magistrate Judge found Petitioner's Objections without merit, and recommended that the Petition be dismissed without prejudice (Id.). A summary of the Report and Recommendation and the related filings follows.

**II.    The Magistrate Judge's Report and Recommendation**

The Magistrate Judge found Petitioner procedurally defaulted ground one of his Petition, that the prosecution withheld exculpatory evidence depriving him of a fair trial, because Petitioner did not timely present such ground to the Ohio Supreme Court on direct appeal (doc. 19). The court's Rules of Practice

3

allot 45 days within which to file a notice of an appeal (Id. citing Bonilla v. Hurley, 370 F.3d 494 (6th Cir. 2004)).

Petitioner argues as excusing cause for his delayed appeal that his appointed appellate counsel never told him that the appeal had been decided (Id.). The Magistrate Judge found this argument unpersuasive, concluding that even if Petitioner was not aware of the Court of Appeals' decision until on or before December 9, 2005, upon receipt of a letter from the Clerk of Courts informing Petitioner of the outcome of his case, his appeal to the Ohio Supreme Court was still filed 146 days after receipt of that letter (Id.). Additionally, reaching the merits of Petitioner's claim, the Magistrate Judge found no evidence of a Brady violation that would warrant relief (Id.). The Magistrate Judge recommended that ground one be dismissed with prejudice (Id.).

The Magistrate Judge similarly found Petitioner's claim in ground two for ineffective assistance of appellate counsel to be procedurally defaulted (Id.). The Magistrate Judge found that the same reasoning applies to grounds one and two: Petitioner waited 146 days from when he was notified of the outcome of his case until he filed an application to reopen his direct appeal (Id.). Accordingly, the Magistrate Judge found that ground two should be dismissed with prejudice due to procedural default, in accordance with Ohio App. R. 26(B)(2)(1) (Id.).

As for grounds three to five of the Petition, the

4

Magistrate Judge found that these claims were not raised on direct appeal but were rather presented for the first time in Petitioner's App. R. 26(B) Application (Id. citing Roberts v. Carter, 337 F.3d 609 (6th Cir. 2003)). Even if the filing of a 26(B) Application did constitute fair presentment, the Magistrate Judge concluded that grounds three to five are procedurally defaulted as untimely, for the same reasons applicable to grounds one and two (Id.). Accordingly, the Magistrate Judge recommended that all such grounds should be dismissed with prejudice (Id.).

**III. Petitioner's Objections**

In his Objection, Petitioner first argues that he needed the "decision document" from the Ohio Supreme Court Disciplinary Counsel, which he received after April 4, 2006 (doc. 20). In Petitioner's view, he needed such document to substantiate his reasons for delay, and he filed his appeal within thirty days of receiving it (Id.). Furthermore, Petitioner argues that he did not have access to the proceeding transcripts until after March 26, 2006, and that he needed these transcripts to make assignments of error in his application to reopen direct appeal (Id. citing Entsminger v. Iowa, 386 U.S. 748 (1967); Douglas v. California, 372 U.S. 353 (1963); and Griffin v. Illinois, 351 U.S. 12 (1956)).

Secondly, Petitioner objects to the determination that grounds three, four, and five procedurally defaulted because they were first presented in the Ohio App. R. 26(B) application (Id.).

5

Petitioner objects to the Magistrate Judge's "erroneous extension" of <u>Lott v. Coyle</u>, 261 F.3d 594, 607, 619 (6th Cir. 2001) in <u>Roberts</u>, 337 F.3d 609, as well as Respondent's arguments in their entirety (<u>Id</u>.).

**IV. Respondent's Objections**

In its Response to Petitioner's Objections, Respondent first argues Petitioner's mistaken belief that he required a complete copy of his trial transcript does not excuse his procedural default (doc. 21). Furthermore, Respondent argues that Petitioner's lack of communication with appellate counsel does not constitute cause to excuse Petitioner's late filing and consequent procedural default (<u>Id</u>.). Accordingly Respondent requests that Petitioner's claims be dismissed with prejudice (<u>Id</u>.).

**V. Supplemental Report and Recommendation**

In his Supplemental Report and Recommendation, the Magistrate Judge found no case law to support Petitioner's argument that a response from the Ohio Supreme Court Disciplinary Counsel with respect to his filed grievance was necessary before filing his Notice of Appeal with the Ohio Supreme Court (doc. 22). The Magistrate Judge further found Petitioner provides no apposite evidence or case law to substantiate his claim of entitlement to multiple copies of the trial transcript before filing a Notice of Appeal (<u>Id</u>.). Rather, the Magistrate Judge concluded that Petitioner's copy of the trial transcript furnished for direct

appeal was sufficient, and the State does not have an obligation to provide trial transcripts to Petitioner at every stage of the appellate proceedings (Id.).  Additionally, the Magistrate Judge found Petitioner's objection to the application of Lott without merit as the Court is obliged to conform with established precedent (Id.).

## VI. Petitioner's Objections

In his Objections, Petitioner argues he exercised due diligence by awaiting a response to his grievance filed with the Ohio Supreme Court Disciplinary Counsel, which he argues justifies his delay in filing his Application for Reopening in the Court of Appeals (doc. 23).  Furthermore, Petitioner argues that only his counsel was furnished a copy of the trial transcript, a copy which he alleges never reached him (Id.).  Lastly, Petitioner objects to the Magistrate Judge's determination of the applicability of Lott and renews his prior objections to its application (Id.).  In conclusion, Petitioner requests that the Magistrate Judge's Supplemental Report and Recommendation be rejected in its entirety and the requested writ be issued (Id.).

## VII. Conclusion

Having reviewed this matter de novo, the Court concludes that the Report and Recommendation of the Magistrate Judge is thorough, well-reasoned, and correct.  The Court is in agreement that Petitioner procedurally defaulted his claims by waiting too

long to file his appeal. The Court is further in agreement that Petitioner failed to fairly present grounds three through five for decision on the merits, and therefore such grounds should be dismissed with prejudice. As such, the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 19), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1).

However, the Court FINDS under the two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), that because "jurists of reason" would find it debatable whether this Court is correct in its procedural ruling, a certificate of appealability should issue with respect to grounds one and two of the petition, and CERTIFIES that an appeal of this order as to these grounds would be taken in good faith. Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3), that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order as to grounds one and two would be taken in "good faith." Therefore the Court GRANTS Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: October 2, 2008    /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge

8